```
 1  Michael I. Neil, SBN 40057
    David P. Hall, SBN 196891
 2  Matthew R. Souther, SBN 227910
    NEIL, DYMOTT, FRANK, MCFALL & TREXLER
 3  A Professional Law Corporation
    1010 Second Avenue, Suite 2500
 4  San Diego, CA 92101-4959
    P 619.238.1712
 5  F 619.238.1562
    Email:  mneil@neildymott.com
 6          dhall@neildymott.com
            msouther@neildymott.com
 7
    David S. Casey, Jr., SBN 060768
 8  Thomas D. Luneau, SBN 145804
    CASEY, GERRY, SCHENK, FRANCAVILLA,
 9       BLATT & PENFIELD, LLP
    110 Laurel Street
10  San Diego, CA 92101
    P 619.238.1811
11  F 619.544.9232
    Email:  dcasey@cglaw.com
12          tdl@cglaw.com

13  Dennis Schoville, SBN 062679
    DENNIS SCHOVILLE, APC
14  2404 Broadway
    San Diego, CA 92102
15  P 619.232.9901
    F 619.232.9904
16  Email:  dschoville@schovillearnell.com

17  Attorneys for Plaintiffs
```



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN DeWEESE, Individually and as the administrator for ANTHONY DeWEESE, deceased, CAROLINE DeWEESE, an Individual; NATHAN DeWEESE, a minor, by his Guardian ad Litem, CAROLINE DeWEESE; DOMINICK DeWEESE, a minor, by his Guardian ad Litem, CAROLINE DeWEESE; GRANT MILLS, an individual, KATHLEEN MILLS, an individual, COLIN MILLS, a minor, by and through his Guardian ad Litem KATHLEEN MILLS; SARAH MILLS, a minor, by and through her Guardian ad Litem KATHLEEN MILLS; JASON STANNARD, an individual, KATHERINE STANNARD, an individual, TAYLOR | CASE NO. '10 CV 0360 JAH  BLM<br><br>IN ADMIRALTY<br><br>COMPLAINT FOR NEGLIGENCE UNDER THE GENERAL MARITIME LAW |

1

| | |
|---|---|
| STANNARD, a minor, by and through her Guardian ad Litem KATHERINE STANNARD; CONNOR STANNARD, a minor, by and through his Guardian ad Litem KATHERINE STANNARD; | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

Plaintiffs allege as follows:

## INTRODUCTORY ALLEGATIONS

1. Pursuant to Federal Rule of Civil Procedure 9(h), Plaintiffs bring and maintain this action pursuant to the provisions of the Suits in Admiralty Act (46 U.S.C. § 30901, *et seq.*), the Public Vessels Act (46 U.S.C. § 31101 *et seq.*), and the General Maritime Law pursuant to the United States Constitution Article III, Section 2, and 28 U.S.C. § 1333.

2. Anthony DeWeese was a minor at the time of this incident. He was fatally injured and died as a result of the injuries caused by the United States of America. The Estate of Anthony DeWeese brings this claim by and through its personal representative, Alan DeWeese.

3. Alan DeWeese is an individual residing in the County of San Diego. He is also the father of Anthony and administrator for the Estate of Anthony DeWeese.

4. Caroline DeWeese is an individual residing in the County of San Diego. She is the mother of Nathan and Dominick and their guardian ad litem.

5. Nathan DeWeese is a minor residing in the County of San Diego.

6. Dominick DeWeese is a minor residing in the County of San Diego.

7. Grant Mills is an individual residing in the County of San Diego. He is the father of plaintiffs Colin Mills and Sarah Mills.

8. Kathleen Mills is an individual residing in the County of San Diego. She is the mother of plaintiffs Colin Mills and Sarah Mills.

9. Colin Mills is a minor residing in the County of San Diego.

10. Sarah Mills is a minor residing in the County of San Diego.

11. Jason Stannard is an individual residing in the County of San Diego. He is the father of plaintiffs Taylor and Connor Stannard.

12. Katherine Stannard is an individual residing in the County of San Diego. She is the mother of plaintiffs Taylor and Connor Stannard.

13. Taylor Stannard is a minor residing in the County of San Diego.

14. Connor Stannard is a minor residing in the County of San Diego.

15. Defendant United States of America ("United States") is a sovereign nation and has consented to be sued herein under the provisions of the Suits in Admiralty Act (46 U.S.C. § 30901, *et seq.*) and the Public Vessels Act (46 U.S.C. § 31101 *et seq.*).

16. Venue is proper in this judicial district under the Suits in Admiralty Act pursuant to 46 U.S.C. § 30906 because the plaintiffs are residents within the Southern District of California. Venue is also proper under the Public Vessels Act pursuant to 46 U.S.C. § 31104 because the public vessel involved in this action, upon information and belief, is within the Southern District of California.

17. At all times relevant herein, the United States owned and controlled that certain public vessel, through the United States Coast Guard operating in San Diego Bay.

18. Pursuant to 28 U.S.C. § 2680(d) and the Suits in Admiralty Act and the Public Vessels Act, plaintiffs herein are not required to file claims under the Federal Tort Claims Act prior to the filing of the suit.

## STATEMENT OF FACTS

19. On December 20, 2009, plaintiffs Alan DeWeese, Caroline Deweese, Anthony DeWeese, Nathan DeWeese, Dominick DeWeese, Grant Mills, Kathleen Mills, Colin Mills, Sarah Mills, Jason Stannard, Katherine Stannard, Taylor Stannard, and Connor Stannard (collectively "Plaintiffs") were aboard a 26-foot Sea Ray boat with California Registration Number CF2607PZ (the "Vessel"). Plaintiffs were aboard the Vessel to watch the holiday boat parade in San Diego Bay.

20. At approximately 6:00 p.m. on December 20, 2009, Plaintiffs were properly operating the Vessel. Upon information and belief, a United States Coast Guard boat ("Coast Guard Boat") with a Hull Identification Number of EGO00982K606 Z1746 was operating unsafely astern from the Vessel. The Coast Guard Boat approached the Vessel at a high rate of speed from astern. Alan DeWeese, who was operating the Vessel, saw he had no alternative and acted as a reasonably prudent operator and attempted to maneuver the Vessel to avoid a collision once he became aware of the Coast Guard Boat and the impending likelihood of a collision. Alan DeWeese was able to steer the Vessel to starboard, but the Coast Guard Boat collided with the stern of the Vessel.

21. As a result of this collision, all plaintiffs suffered various physical and emotional injuries. As a further result of this collision, Anthony DeWeese was fatally injured and subsequently died from his injuries.

## FIRST CLAIM FOR RELIEF

## NEGLIGENCE UNDER GENERAL ADMIRALTY LAW

### (All Plaintiffs)

22. Plaintiffs reincorporate and reallege by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

23. At all times herein relevant, San Diego Bay was and is a body of navigable water located less than three nautical miles from the California coastline.

24. On or about December 20, 2009, The United States, through its managerial and supervisory employees, owned and operated the Coast Guard Boat in San Diego Bay. As such, the United States of America owed a duty of care to the other boats and boat passengers in San Diego Bay.

25. On December 20, 2009, the United States owned, staffed, managed, deployed and operated the Coast Guard Boat in a negligent manner so as to cause the personal injuries to plaintiffs as alleged below.

26. On December 20, 2009, the United States, through its officers and managerial or supervisory employees knew, or in the exercise of reasonable caution should have known, that the assigned crew of the Coast Guard Boat did not have the required training nor did they possess the

skill to pilot the Coast Guard Boat on San Diego Bay and that allowing said crew to pilot the Coast Guard Boat in San Diego Bay posed a significant risk of collision with other boats and the consequent risk of serious or fatal injuries.

27. On December 20, 2009, the United States, through its officers and managerial or supervisory employees knew, or in the exercise of reasonable caution should have known, that the Coast Guard Boat lacked the necessary equipment to safely maneuver in San Diego Bay and/or that the equipment on board the Coast Guard Boat was in disrepair.  The United States, through its officers and managerial or supervisory employees knew, or in the exercise of reasonable caution should have known, that allowing the Coast Guard Boat to be operated in such a condition in San Diego Bay posed a significant risk of collision with other boaters and the consequent risk of serious or fatal injuries.

28. On December 20, 2009, the United States, through its officers and managerial or supervisory employees knew, or in the exercise of reasonable caution should have known, that the crew of the Coast Guard Boat lacked the proper and necessary training and supervision to safely maneuver the Coast Guard Boat in San Diego Bay and that permitting such maneuvering by inadequately trained and supervised personnel posed a significant risk of collision with other boaters and the consequent risk of serious or fatal injuries.

29. On December 20, 2009, the United States, through its officers and managerial or supervisory employees knew, or in the exercise of reasonable caution should have known, that, prior to that date, there had been several instances of the crew of the Coast Guard Boat operating the boat at an excessive and unsafe speed in or around San Diego Bay and that permitting the continued operation of the Coast Guard Boat by the crew posed a significant risk of collision with other boaters and the consequent risk of serious or fatal injuries.

30. Despite the knowledge of the above risks and dangers, and knowing that recreational boaters would be in the water in order to watch the boat parade, the United States, through its officers and managerial and supervisory employees, negligently deployed the Coast Guard Boat and the inadequately trained and supervised crew on the night of December 20, 2009 for a non-emergency incident.

31. On December 20, 2009, the crew of the Coast Guard Boat negligently piloted, steered, maneuvered, accelerated, maintained, and operated the Coast Guard boat so as to cause it to collide with the Vessel.

32. As a result of the aforementioned negligence of the United States and its employees and independent contractors, Plaintiffs were caused to and did sustain physical and emotional injuries, together with substantial pain, and other injuries not fully known at this time.

33. As a result of the aforementioned negligence of the United States and its employees and independent contractors, Plaintiffs incurred reasonable charges for medical care and attention and will require medical treatment in the future.

34. As a result of the aforementioned negligence of the United States and its employees and independent contractors, Plaintiffs incurred economic damages and expenses in amounts to be proven at trial.

35. By reason of the negligence of the United States and its employees and independent contractors, Plaintiffs have sustained general and special damages in sums to be determined. Plaintiffs are entitled to and claim prejudgment interest on their damages pursuant to the general maritime law.

## SECOND CLAIM FOR RELIEF

### NEGLIGENCE PER SE

(All Plaintiffs)

36. Plaintiffs reincorporate and reallege by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

37. On December 20, 2009, the United States and its employees and independent contractors negligently owned, staffed, managed, maintained, deployed, operated, piloted, maneuvered, steered, and navigated the Coast Guard Boat as described above so as to legally cause the personal injuries to plaintiffs as alleged herein.

38. The aforementioned negligent ownership, operation, staffing, management, maintenance, deployment, navigation, piloting, maneuvering, and steering of the Coast Guard Boat was in direct violation of numerous state and federal codes, regulations, and statutes, including but

1  not limited to the Inland Navigation Rules Act and the Coast Guard's own boating safety
2  regulations.

3        39.    The codes, regulations, and statutes violated by the United States and its employees
4  and independent contractors on December 20, 2009 were enacted for the purpose of ensuring the
5  safe operation of vessels in navigable waters and preventing the type of collision and injuries as
6  described herein.

7        40.    As passengers aboard a pleasure vessel operating in navigable waters, plaintiffs are
8  among the class of persons for whose protection the pertinent codes, regulations, and statutes were
9  enacted.

10       41.    As a legal result of the violation of the aforementioned codes, regulations, and
11 statutes by the United States and its employees and independent contractors, Plaintiffs sustained the
12 personal injuries alleged above.

### THIRD CLAIM FOR RELIEF
### WRONGFUL DEATH UNDER ADMIRALTY LAW
**(Plaintiffs Alan DeWeese, Caroline DeWeese, Nathan DeWeese and Dominick DeWeese)**

16       42.    Plaintiffs Alan DeWeese, Caroline DeWeese, Nathan DeWeese, and Dominick
17 DeWeese reincorporate and reallege by reference the allegations contained in the preceding
18 paragraphs as though fully set forth herein.

19       43.    The United States, through its agent, the United States Coast Guard, owned and
20 operated the Coast Guard Boat on December 20, 2009 in San Diego Bay.  As such, the United States
21 of America owed a duty of care to the other boats and boat passengers in San Diego Bay at that time.

22       44.    The United States operated the Coast Guard Boat in a negligent manner and legally
23 caused the death of Anthony DeWeese.  As a direct and proximate result, the Estate of Anthony
24 DeWeese brings a wrongful death claim against the United States.

25       45.    By reason of the negligence of the United States and it employees, the Estate of
26 Anthony DeWeese has sustained general and special damages in sums to be determined.  The Estate
27 of Anthony DeWeese is entitled to and claims prejudgment interest on its damages pursuant to the
28 general maritime law.

## FOURTH CLAIM FOR RELIEF

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER ADMIRALTY LAW

### (All Plaintiffs)

46. Plaintiffs reincorporate and reallege by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

47. Plaintiffs were all passengers on the Vessel at the time the Coast Guard Boat collided with the Vessel. As such, they were within the "zone of danger" since they were placed in immediate risk of physical harm from the negligent conduct of the United States and its employees and independent contractors.

48. Plaintiffs Alan DeWeese, Caroline DeWeese, Nathan DeWeese, and Dominick DeWeese were contemporaneously aware of the fact that the Coast Guard Boat impacted the Vessel and caused the death of Anthony DeWeese and the previously alleged personal injuries to themselves and the other members of the DeWeese family. As a direct and proximate result, Alan DeWeese, Caroline DeWeese, Nathan DeWeese and Dominick DeWeese suffered severe emotional distress in an amount to be proven at trial.

49. Plaintiffs Grant Mills, Kathleen Mills, Colin Mills, and Sarah Mills were contemporaneously aware of the fact that the Coast Guard Boat impacted the Vessel and caused the previously alleged personal injuries to themselves and the other members of the Mills family. As a direct and proximate result, Grant Mills, Kathleen Mills, Colin Mills, and Sarah Mills suffered severe emotional distress in an amount to be proven at trial.

50. Plaintiffs Jason Stannard, Katherine Stannard, Taylor Stannard, and Connor Stannard were contemporaneously aware of the fact that the Coast Guard Boat impacted the Vessel and caused the previously alleged personal injuries to themselves and the other members of the Stannard family. As a direct and proximate result, Jason Stannard, Katherine Stannard, Taylor Stannard, and Connor Stannard suffered severe emotional distress in an amount to be proven at trial.

///

///

## FIFTH CLAIM FOR RELIEF

## NEGLIGENT TRAINING AND SUPERVISION

### (All Plaintiffs)

51. At all times herein relevant, defendant the United States had a duty to man its maritime fleet, including the Coast Guard Boat that is the subject of this litigation, with competent and properly trained and supervised officers, crew, and other personnel. Additionally, at all times herein relevant, the United States had a duty to provide necessary and appropriate training to any and all employees and independent contractors involved in the ownership, operation, maintenance, deployment, navigation, piloting, steering, and maneuvering of the Coast Guard Boat. The United States also had a duty to provide the necessary and appropriate supervision over all employees and independent contractors involved in the ownership, operation, maintenance, deployment, navigation, piloting, steering, and maneuvering of the Coast Guard Boat.

52. Defendant the United States failed to provide proper training to employees and independent contractors involved in the ownership, operation, maintenance, deployment, navigation, piloting, steering, and maneuvering of the Coast Guard Boat and other like craft. The United States was aware of this lack of adequate training prior to December 20, 2009 from one or more prior collisions with pleasure craft caused by the negligent ownership, operation, maintenance, deployment, navigation, piloting, steering, and maneuvering of Coast Guard vessels.

53. Defendant the United States failed to provide proper supervision of its employees and independent contractors involved in the ownership, operation, maintenance, deployment, navigation, piloting, steering, and maneuvering of the Coast Guard Boat and other like craft. The United States was aware of this lack of adequate supervision prior to December 20, 2009 from one or more prior collisions with pleasure craft caused by the negligent ownership, operation, maintenance, deployment, navigation, piloting, steering, and maneuvering of Coast Guard vessels.

54. On December 20, 2009, the United States, through its officers and managerial or supervisory employees knew, or in the exercise of reasonable caution should have known, that the subject employees and independent contractors involved in the ownership, operation, maintenance, deployment, navigation, piloting, steering, and maneuvering of the Coast Guard Boat and other like

1  craft did not possess the necessary training or supervision and that this inadequate training and
2  supervision of employees and independent contractors posed a significant risk of collision with other
3  boaters and the consequent risk of serious or fatal injuries.
4      55.    Despite the knowledge of the above risks and dangers, and knowing that recreational
5  boaters would be in the water in order to watch the boat parade, the United States, through its
6  officers and managerial and supervisory employees, negligently deployed the Coast Guard Boat and
7  the inadequately trained and supervised crew on the night of December 20, 2009 for a non-
8  emergency incident.
9      56.    As a result of the negligent failure to provide adequate training and supervision as
10 described above, plaintiffs suffered the personal injuries set forth previously.
11     WHEREFORE, Plaintiffs pray judgment against Defendant as follows:
12     1.    General damages, according to proof;
13     2.    Economic damages, including but not limited to loss of earnings and out-of-pocket
14 expenses, as allowed by law according to proof;
15     3.    Special damages, including but not limited to property damage and out-of-pocket
16 expenses, according to proof;
17     4.    Costs of suit, including reasonable attorney's fees;
18     5.    Prejudgment interest in accordance with the general maritime law; and
19     6.    Such other and further relief as the Court deems just and proper.
20 Dated:   February 12, 2010

NEIL, DYMOTT, FRANK,
MCFALL & TREXLER
A Professional Law Corporation

By: *Michael I. Neil* (signature)
Michael I. Neil
David P. Hall
Matthew R. Souther
Attorneys for Plaintiffs
ALAN DeWEESE, Individually and as the administrator for ANTHONY DeWEESE, CAROLINE DeWEESE, NATHAN DeWEESE, by his Guardian ad Litem, CAROLINE DeWEESE and DOMINICK DeWEESE, by his Guardian ad Litem, CAROLINE DeWEESE

| | | |
|---|---|---|
| 1 | Dated:    February 12, 2010 | CASEY, GERRY, SCHENK, FRANCAVILLA, BLATT & PENFIELD, LLP |

By: *David S. Casey* 
David S. Casey, Jr.
Thomas D. Luneau
Attorneys for Plaintiffs
GRANT MILLS, KATHLEEN MILLS, COLIN MILLS, by and through his Guardian ad Litem KATHLEEN MILLS and SARAH MILLS, by and through her Guardian ad Litem KATHLEEN MILLS

Dated:    February 12, 2010

DENNIS SCHOVILLE, APC

By: *Dennis Schoville*
Dennis Schoville
Attorneys for Plaintiffs
JASON STANNARD, KATHERINE STANNARD, TAYLOR STANNARD, by and through her Guardian ad Litem KATHERINE STANNARD and CONNOR STANNARD, by and through his Guardian ad Litem KATHERINE STANNARD

# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ALAN DeWEESE, Individually and as the administrator for ANTHONY DeWEESE, deceased, CAROLINE DeWEESE, an Individual; NATHAN DeWEESE, a minor, by his Guardian ad Litem, et al.

## DEFENDANTS
UNITED STATES OF AMERICA

FILED
2010 FEB 16  AM 9:52

(b) County of Residence of First Listed Plaintiff **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

**(SEE ATTACHMENT)**

Attorneys (If Known)

'10 CV 0360 JAH   BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1  U.S. Government Plaintiff
- [X] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [X] 340 Marine | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | **PERSONAL INJURY** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| | [ ] 362 Personal Injury - Med. Malpractice | | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| | [ ] 365 Personal Injury - Product Liability | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 790 Other Labor Litigation | | [ ] 894 Energy Allocation Act |
| | **PERSONAL PROPERTY** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| **REAL PROPERTY** | [ ] 370 Other Fraud | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 210 Land Condemnation | [ ] 371 Truth in Lending | **IMMIGRATION** | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 220 Foreclosure | [ ] 380 Other Personal Property Damage | [ ] 462 Naturalization Application | | |
| [ ] 230 Rent Lease & Ejectment | [ ] 385 Property Damage Product Liability | [ ] 463 Habeas Corpus - Alien Detainee | | |
| [ ] 240 Torts to Land | **CIVIL RIGHTS** | [ ] 465 Other Immigration Actions | | |
| [ ] 245 Tort Product Liability | [ ] 441 Voting | | | |
| [ ] 290 All Other Real Property | [ ] 442 Employment | **PRISONER PETITIONS** | | |
| | [ ] 443 Housing/Accommodations | [ ] 510 Motion to Vacate Sentence **Habeas Corpus:** | | |
| | [ ] 444 Welfare | [ ] 530 General | | |
| | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & other | | |
| | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | | |
| | | [ ] 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
46 U.S.C § 30901 and 46 U.S.C. § 31101       46:688 et

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ More than 5,000,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: February 16, 2010
SIGNATURE OF ATTORNEY OF RECORD: Michael I. Neil, Esq.

**FOR OFFICE USE ONLY**
RECEIPT # 10229   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PB 02-16-10

CSDJS44

ATTACHMENT TO

CIVIL COVER SHEET – I. (c)

**I. (c) Attorney's (Firm Name, Address, and Telephone Number)**

Michael I. Neil, SBN 40057
David P. Hall, SBN 196891
Matthew R. Souther, SBN 227910
NEIL, DYMOTT, FRANK, MCFALL & TREXLER
A Professional Law Corporation
1010 Second Avenue, Suite 2500
San Diego, CA 92101-4959
P 619.238.1712
F 619.238.1562
Email:  mneil@neildymott.com
          dhall@neildymott.com
          msouther@neildymott.com

David S. Casey, Jr., SBN 060768
Thomas D. Luneau, SBN 145804
CASEY, GERRY, SCHENK, FRANCAVILLA,
     BLATT & PENFIELD, LLP
110 Laurel Street
San Diego, CA 92101
P 619.238.1811
F 619.544.9232
Email:  dcasey@cglaw.com
          tdl@cglaw.com

Dennis Schoville, SBN 062679
DENNIS SCHOVILLE, APC
2404 Broadway
San Diego, CA 92102
P 619.232.9901
F 619.232.9904
Email:  dschoville@schovillearnell.com

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS010229
Cashier ID: mbain
Transaction Date: 02/16/2010
Payer Name: NEIL DYMOTT
----------------------------------
CIVIL FILING FEE
  For: DEWEESE V USA
  Case/Party: D-CAS-3-10-CV-000360-001
  Amount:         $350.00
----------------------------------
CHECK
  Check/Money Order Num: 106935
  Amt Tendered:  $350.00
----------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```